1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   DON LaFLAMME,                          No. 2: 17-cv-1550 MCE KJN P
12              Plaintiff,
13         v.                                ORDER
14   KERN, et al.,
15              Defendants.
16
17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant
18   to 42 U.S.C. § 1983. On August 9, 2017, the undersigned dismissed plaintiff's complaint with
19   leave to amend. (ECF No. 6.) Pending before the court is plaintiff's amended complaint. (ECF
20   No. 8.)
21        Named as defendants are California Department of Corrections ("CDCR") Secretary
22   Kern, Mule Creek State Prison ("MCSP") Warden Lizarraga, Correctional Officer Parker and
23   Correctional Officer Burkard.
24        Plaintiff's amended complaint is difficult to understand. Plaintiff appears to challenge the
25   validity of his criminal sentence and, possibly, his failure to be released on parole. In another
26   claim, plaintiff appears to challenge the validity of a prison disciplinary conviction and, possibly,
27   a related criminal conviction. Finally, plaintiff also appears to raise a claim alleging that
28   homosexual inmates at MCSP, where he is housed, receive better treatment than non-homosexual

                                            1

inmates. As relief, plaintiff seeks money damages.

Because the undersigned does not understand plaintiff's claims challenging his criminal sentence and/or failure to be released on parole, these claims are dismissed with leave to amend. If plaintiff files a second amended complaint, he must clarify the grounds of these claims. Moreover, it does not appear that plaintiff has linked any defendant to these claims. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

participation is insufficient).

If plaintiff files a second amended complaint raising a claim challenging his criminal sentence and/or failure to be released on parole, plaintiff must link a defendant to these claims.

In addition, under Heck v. Humphrey, a civil rights claim is disallowed if rendering a judgment for a plaintiff would necessarily imply that a previous conviction or sentence is invalid. 512 U.S. 477, 489 (1994). Plaintiff should not raise a claim challenging his sentence and/or failure to be released on parole if a finding in his favor would necessarily imply the invalidity of his sentence or confinement.

In his second claim, plaintiff appears to challenge the validity of a prison disciplinary conviction and related criminal conviction. Exhibits attached to the amended complaint demonstrate that plaintiff was assessed 359 days of credit after the prison disciplinary conviction for attempted murder. (ECF No. 8 at 41.) In the amended complaint, plaintiff alleges that some of the defendants testified against him at the disciplinary hearing.

The undersigned does not understand how plaintiff is challenging his disciplinary conviction and, possibly, related criminal conviction. Accordingly, these claims are dismissed with leave to amend. If plaintiff files a second amended complaint, he shall clarify the grounds on which he challenges these proceedings.

Plaintiff is informed that Heck v. Humphrey has also been invoked in prison disciplinary hearings involving good-time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997). However, when a civil rights claim does not necessarily implicate the underlying disciplinary action, it may proceed. See Muhammad v. Close, 540 U.S. 749, 754-55 (2004). Plaintiff is informed that claims challenging the validity of the prison disciplinary proceedings, and related criminal conviction, may be barred by Heck.

Finally, plaintiff appears to claim that homosexual inmates at MCSP receive better treatment than non-homosexual inmates, like plaintiff. Plaintiff's claim alleging discrimination is vague and conclusory. For this reason, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief. If plaintiff files a second amended complaint, he shall discuss in more detail the ways in which he alleges he is being discriminated against.

Plaintiff has also filed a motion for appointment of counsel. (ECF No. 9.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

On September 15, 2017, plaintiff filed a motion for injunctive relief. (ECF No. 10.) This motion seeks injunctive relief based on the claims raised in the amended complaint. Because the amended complaint is dismissed with leave to amend, plaintiff's motion for injunctive relief is vacated. Plaintiff may re-file his motion for injunctive relief, based on the merits of this action, after he files a complaint containing potentially colorable claims for relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action;

2. Plaintiff's motion for appointment of counsel (ECF No. 9) is denied;

////

////

3. Plaintiff's motion for injunctive relief (ECF No. 10) is vacated.

Dated: December 14, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Laf1550.ame