UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON LaFLAMME,

    Plaintiff,

v.

KERN, et al.,

    Defendants.

No. 2: 17-cv-1550 MCE KJN P

FINDINGS AND RECOMMENDATIONS

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2017, this action was removed to this court from the Amador County Superior Court. (ECF No. 2.)

On December 14, 2017, the undersigned dismissed plaintiff's amended complaint with leave to file a second amended complaint. (ECF No. 11.) Pending before the court is plaintiff's second amended complaint. (ECF No. 12.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

II. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted."

28 U.S.C. § 1915(e)(2)(B)(ii).

III. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

IV. Discussion

The claims in the second amended complaint are very difficult to understand. It appears that plaintiff may be challenging the validity of a prison disciplinary conviction and, possibly, a related criminal conviction. Plaintiff's prison disciplinary conviction was for attempted murder. (Id. at 73.) Plaintiff was assessed 359 days of behavior credits for this conviction. (Id. at 72.) As relief, plaintiff seeks money damages. (Id. at 51.)

As the undersigned advised plaintiff in the December 14, 2017 order, under Heck v. Humphrey, a civil rights claim is disallowed if rendering a judgment for a plaintiff would necessarily imply that a previous conviction or sentence is invalid. 512 U.S. 477, 489 (1994).

2

Heck v. Humphrey has also been invoked in actions challenging the validity of prison disciplinary convictions involving good-time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

The undersigned cannot definitively find that plaintiff's claims are barred by Heck v. Humphrey and Edwards v. Balisok because they are so difficult to understand.[1]

Because plaintiff's claims are virtually indecipherable, the undersigned finds that the second amended complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)'s directive to provide "a short and plain statement of the claim." Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Ingram v. City of Sacramento, 564 Fed.Appx. 321 (9th Cir. 2014) (affirming district court's dismissal of action as frivolous because the complaint contained "indecipherable facts and unsupported legal assertions").

Because it does not appear that plaintiff can cure the pleading defects discussed above, the undersigned recommends that this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 30, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Laf1550.dis

---

[1] If plaintiff intends to challenge the validity of his prison disciplinary conviction and related criminal conviction, he may file habeas corpus petitions pursuant to 28 U.S.C. § 2254.

3